UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ZACHARY WILLS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 20-cv-3258-MMM |
| ) | |
| JOHN DOE GRAHAM WARDEN, et al., ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, currently at the Lincoln Correctional Center, and proceeding *pro se*, files a § 1983 claim regarding an incident which occurred at the Graham Correctional Center ("Graham"). Plaintiff has not identified any Defendants by name but, rather, by the Doe designation. Plaintiff names the John Doe Graham Warden, the John Doe Dietary Supervisor the John Doe Medical "Directory", believed to be the Medical Director, and Doe members of the Graham Security staff. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## MATERIAL FACTS

Plaintiff pleads that on December 26, 2019, he was in his cell eating dinner which included a "sloppy Joe" sandwich. When Plaintiff bit into the sandwich, he felt a sharp pain in the right side of mouth at the gum line. Plaintiff placed his hand in his mouth and pulled out a 1 ½ inch needle. It is unclear whether the needle was a hypodermic needle, sewing needle or a needle of a different kind. Plaintiff told the gallery officer and was immediately taken to the nurses' office and given a tetanus shot. Plaintiff does not affirmatively state that that the needle was purposefully placed in his food, claiming only that an "offender or staff was allowed to slip a sharp object into my food."

Plaintiff holds the Doe Warden accountable for his injury, stating that the Warden is the Chief Administrative Officer and responsible for the "entire operation of the institution." Plaintiff asserts that his injury was directly caused by the Warden's failure to fulfill his obligations to Plaintiff. Plaintiff pleads similarly against the Doe Dietary Supervisor. This is, that the Supervisor is responsible for providing safe balanced meals and did not meet this obligation. Plaintiff also names the Graham security staff, alleging that staff's lack of diligence also caused his injury.

Lastly, Plaintiff names the Doe Medical Director. Plaintiff claims that, on an unidentified date, he asked to be tested for hepatitis, tuberculosis, HIV and polio, but this was not done. Plaintiff does not claim that he made this request directly to the Medical Director, nor does he plead facts to support that such tests were necessary. It is, further, unclear whether Plaintiff requested these tests at the time he received the tetanus shot or at a different time. Plaintiff asserts that the failure to provide the testing caused him psychological damage.

## ANALYSIS

Though Plaintiff does not affirmatively state the basis for his claim, he appears to allege a failure to protect. Under the Eighth Amendment, prison officials have a duty to take reasonable steps to insure the safety of inmates, including harm done by one inmate to another. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "But *liability* of a jail officer for failure to protect an inmate only materializes if the officer knew the inmate faced a 'substantial risk of serious harm' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) (emphasis in original). "In failure to protect cases, '[a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety.'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). *See McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991) (unpleasant happenings in prison are not necessarily punishment; a subjective standard is to be applied to determine defendant's actual knowledge of the threat).

As previously noted, Plaintiff does not affirmatively state that the needle was purposely placed in his food and apparently does not know by whom it was placed. Plaintiff does not claim that he had any forewarning that he would be harmed or that he placed any Defendant on notice of the possibility. There are no facts here from which the Court might infer that Defendants were aware of any risk to Plaintiff and deliberately indifferent to it.

Plaintiff's claims against the various Defendants appear based merely on their supervisory roles. There is, however, no respondeat superior or liability under § 1983 as defendants are only liable for their own wrongdoing. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir.1992) (*respondeat superior,* the doctrine of supervisor liability does not apply

to actions filed under 42 USC §1983). Here, Plaintiff has failed to plead any personal liability on the part of Defendants.

The Court notes, further, that Plaintiff's complaint appears to allege negligence rather than deliberate indifference. Negligently inflicted harm, however, does not amount to a constitutional violation. *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015). Plaintiff has failed to plead a constitutional violation and, under these facts and likely, will not be able to do so. Out of an abundance of caution, however, Plaintiff will be given an opportunity to amend his complaint.

**IT IS THEREFORE ORDERED:**

1)   Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to file an amended complaint. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety and must contain all allegations against all Defendants as piecemeal amendments are not accepted. Failure to file an amended complaint will result in the dismissal of this case, without prejudice.

2)   Plaintiff's files [2], a request to proceed in forma pauperis ("IFP"). [2] is RESERVED, with the Clerk to obtain Plaintiff's trust fund ledgers from the facility where he is incarcerated.

3)   Plaintiff files [3] and [4], successive motions for recruitment of pro bono counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [3] and [4] are DENIED at this time. In the event that Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.

| | |
|---|---|
| 2/8/2021 | s/Michael M. Mihm |
| ENTERED | MICHAEL M. MIHM |
| | UNITED STATES DISTRICT JUDGE |